**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0281-WJM-KMT

ABBY LANDOW,
JEFFREY ALAN,
SUSAN WYMER,
LAWRENCE BEALL,
GREENPEACE INC., and
NANCY YORK,

      Plaintiff,

v.

CITY OF FORT COLLINS,

      Defendant.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
SETTING BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiffs Abby Landow, Jeffery Alan, Susan Wymer, Greenpeace, Inc., and

Nancy York (collectively "Plaintiffs") bring this action on their own behalf and on behalf

of all others similarly situated against the City of Fort Collins.  (Compl. (ECF No. 1).)

Plaintiffs allege that Fort Collins's ordinance restricting panhandling activities within the

city limits (the "Ordinance") violates their First and Fourteenth Amendment rights by

infringing on their rights of free speech, freedom of expression, and right to receive

information, as well as their rights to due process and equal protection.  (*Id.* pp. 23-26.)

Plaintiffs seek injunctive and declaratory relief.  (*Id.* at 27.)

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining

Order and Preliminary Injunction (the "Motion") in which Plaintiffs ask the Court for a

temporary restraining order and a preliminary injunction enjoining Fort Collins from

enforcing the Ordinance while this litigation is pending.  (ECF No. 2.)  Plaintiffs' request

for an immediate restraining order is governed by Federal Rule of Civil Procedure

65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In this case, Plaintiffs fall short of meeting the immediacy requirement necessary for the

Court to issue injunctive relief before Defendant has an opportunity to be heard on the

Motion.  Per the allegations in the Complaint, it appears the Ordinance has been in

effect since at least August 2012.  (Compl. ¶ 21.)  While Plaintiffs allege that Fort Collins

police officers have recently stepped up enforcement of the Ordinance and have been

issuing a greater number of citations (*see id.* ¶¶ 21, 27), they do not allege that an

immediate harm will occur if the Court declines to immediately issue a restraining order.

Thus, the Court denies Plaintiffs' Motion in so far as it seeks a temporary restraining

order pursuant to Rule 65(b)(1).

Plaintiffs' Motion is more properly construed as a motion for a preliminary

injunction, which the Court will consider after it is fully briefed by the parties.  As the

Court is mindful of the allegedly irreparable harm Plaintiffs are suffering through the

suppression of their Constitutional rights, the Court will shorten the briefing schedule on

the Motion, and consider the Motion on an expedited basis.

In accordance with the foregoing, the Court ORDERS as follows:

1.   To the extent Plaintiffs' Motion for Temporary Restraining Order and Preliminary

Injunction (ECF No. 2) seeks a temporary restraining order, the Motion is

DENIED;

2.   Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) remains pending.  Fort

Collins shall file its response not later than February 18, 2015.  Plaintiffs may file

a reply brief by February 25, 2015; and

3.   A hearing on the Motion for Preliminary Injunction is SET for 2:00 p.m. on March

2, 2015 in Courtroom A801.  In advance of the hearing, counsel should

familiarize themselves with the undersigned's Revised Practice Standards, in

general, and as they relate to the Court's expectations and requirements with

regard to evidentiary hearings, and with particular emphasis on WJM Revised

Practice Standard V.F.1, which requires the parties to meet and confer regarding

the proposed exhibits and, to the maximum extent possible, stipulate to the

authenticity and admissibility thereof.

Dated this 11th day of February, 2015.

BY THE COURT:

William J. Martinez
United States District Judge