**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0281-WJM-KMT

ABBY LANDOW,
JEFFREY ALAN,
SUSAN WYMER,
LAWRENCE BEALL,
GREENPEACE INC., and
NANCY YORK,

    Plaintiffs,

v.

CITY OF FORT COLLINS,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) (the "Motion"), Defendant's Motion for Judicial Recusal (ECF No. 20) (the "Recusal Motion"), and Defendant's Notice of Repeal of Contested Portions of Ordinance No. 70, 1995 (ECF No. 28) (the "Notice"). The Court has reviewed the Parties' respective submissions in regards to these matters, and ORDERS as follows:

*Judicial Recusal*

The Court concludes that given the facts and claims in this litigation, as well as the scope of the undersigned's prior participation in the Legal Panel of the ACLU of Colorado, the undersigned's recusal in this matter is not mandatory under 28 U.S.C.

§ 455(a) ("Section 455(a)").  In addition, the Court further concludes that under the controlling case law construing Section 455(a), exercising its discretion to remain in this case would not run afoul of either Section 455(a) or the Code of Conduct for United States Judges.  An order more specifically detailing the Court's reasons and bases for its decision to deny the Recusal Motion will be issued separately.

*Plaintiff's Motion for Preliminary Injunction*

In its Order dated February 25, 2015 (ECF No. 22), the Court advised the Parties that in the event it were to deny the Recusal Motion, it would promptly reset the hearing on the Motion, which was vacated in said Order.  On February 27, 2015, however, the Defendant filed its Notice, advising the Court of the emergency action of Defendant's City Council to repeal the contested portions of Ordinance No. 70, 1995 (the "Ordinance"), the municipal code provisions which are at heart of this litigation.  In both the Notice and Defendant's Reply in Support of the Notice (ECF No. 32) (the "Reply"), Defendant argues that as result of the emergency repeal of the contested portions of the Ordinance, Plaintiffs' Motion for Preliminary Injunction is moot, and that a hearing on the Motion is no longer necessary.  Notice at 4, ¶ 14; Reply at 3-8.

In their Response to the Notice (ECF No. 30) (the "Response"), Plaintiffs argue that their Motion has not been mooted by the emergency repeal of the Ordinance, and that the Court should go forward with a hearing on the Motion.  Plaintiffs argue that there still exists a live controversy as to Plaintiffs' request for preliminary injunctive relief.  Response at 2.  Plaintiffs take the position that whereas they initially sought to

prohibit the City from enforcing the contested provisions of the ordinance, they now seek to prohibit the City from reenacting the repealed provisions of the Ordinance.  *Id.*  Additionally, Plaintiffs argue that the repeal of the challenged portions of the Ordinance has no effect on their original request that the Court enjoin Defendant from continuing to allegedly target passive solicitors whose conduct never violated these provisions in the first instance.  *Id.*

At this early stage of the proceedings, and without further development of the record, the Court is unable to definitively conclude that Defendant's repeal of the challenged provisions of the Ordinance has in fact mooted the Motion.  As a consequence, the Court will reset the Motion for a prompt hearing.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant's Recusal Motion (ECF No. 20) is DENIED; an Order more fully detailing the Court's reasons for its decision on the Recusal Motion with issue separately;

2. A Hearing on the Motion for a Preliminary Injunction (ECF No. 2) is **RESET to March 13, 2015 at 1:00 p.m.** in Courtroom A801.  The Court will receive evidence (if any there be) and hear oral argument in support of and in opposition to the Motion at said Hearing; and

3. The Parties shall familiarize themselves with the undersigned's Revised Practice Standards, in general, and as they relate to the Court's expectations and

requirements with regard to evidentiary hearings, and with particular emphasis on WJM Revised Practice Standard V.F.1, which requires the parties to meet and confer regarding the proposed exhibits and, to the maximum extent possible, stipulate to the authenticity and admissibility thereof.

Dated this 9th day of March, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge