**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0281-WJM-KMT

ABBY LANDOW,
JEFFREY ALAN,
SUSAN WYMER,
LAWRENCE BEALL,
GREENPEACE INC., and
NANCY YORK,

    Plaintiffs,

v.

CITY OF FORT COLLINS,

    Defendant.

## ORDER DECLINING TO RECUSE

This matter is before the Court on Defendant City of Fort Collins's Motion for Judicial Recusal ("Motion"). (ECF No. 20.) On February 13, 2015, a Notice of Disclosure was issued informing the parties that I, the undersigned, formerly served as a member of the Legal Panel for the American Civil Liberties Union of Colorado ("Legal Panel"), a legal advisory board to the American Civil Liberties Union – Denver ("ACLU"), three attorneys for which currently serve as Plaintiffs' counsel. (ECF No. 12.) On February 23, 2015, Defendant filed the instant Motion, arguing that recusal was warranted because the undersigned's former membership on the Legal Panel created a perceived possibility of partiality. (ECF No. 20 at 4.) On March 9, 2015, this Court issued an Order denying Defendant's Motion, and indicated that a subsequent order detailing the reasons for the denial would be issued separately. (ECF No. 33.) Those

reasons are discussed herein.

Pursuant to 28 U.S.C. § 455(a), "a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," as well as in cases of personal bias or prejudice, or where the judge has a personal or a financial interest in the controversy. 28 U.S.C. § 455(a)–(b). Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)). However, "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id.* at 659-60.

The evaluation of the necessity of recusal is further informed by the provisions of the Judicial Conduct and Disability Act ("JCDA"), 28 U.S.C. §§ 351, *et seq.*, and the Code of Conduct for United States Judges, Canon 2A, which provides that "[a]n appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." *See also* Code of Conduct for United States Judges, Canon 3C(1) (requiring recusal where "the judge's impartiality might reasonably be questioned, including . . . [where] the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness").

2

Defendant argues that, as a former member of the Legal Panel, my partiality could reasonably be questioned because of my prior role providing legal advice to the ACLU on First Amendment cases similar to the instant case.  (ECF No. 20 at 2–4.) Defendant does not dispute that prior associational relationships are not typically sufficient to require recusal.  (*Id.* at 3.)  *See also Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003); *Bryce*, 289 F.3d at 660 ("religious beliefs or membership affiliation are presumed not to be relevant."). However, Defendant argues that because the actual content of the legal advice I provided to the ACLU is protected by the attorney-client privilege, Defendant lacks the potential advantage of prior knowledge of my opinions on First Amendment issues to which Plaintiffs, through the ACLU, could conceivably have access.  (ECF No. 20 at 3–4.)

As a member of the Legal Panel, I provided legal advice not to any of the Plaintiffs, but to one of the organizations that serves as their counsel, and not regarding the instant matter, but regarding unrelated matters raising similar constitutional questions.   After review of the pertinent authority, I conclude that recusal is not required in these circumstances.  Even "a judge's prior representation of a witness or a party in an unrelated matter does not automatically require disqualification."  *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (trial judge in Title VII complaint against police officers was not required to recuse despite judge's previous representation in unrelated matter of man who would later become police chief); *see also United States v. Voccola*, 99 F.3d 37, 43 (1st Cir. 1996) (judge's prior participation

on investigative commission regarding financial fraud did not require recusal in case where defendant was charged with financial fraud because "commission did not focus on this particular case or on this particular defendant"); *Wessmann by Wessmann v. Boston Sch. Comm.*, 979 F. Supp. 915, 916–17 (D. Mass. 1997) ("The fact that a judge actively advocated a legal, constitutional or political policy or opinion before being a judge is not a bar to adjudicating a case that implicates that opinion or policy."); *Carter v. W. Pub. Co.*, 1999 WL 994997, at *9 (11th Cir. Nov. 1, 1999) ("Courts have uniformly rejected the notion that a judge's previous advocacy for a legal, constitutional, or policy position is a bar to adjudicating a case, even when that position is directly implicated in the case before the court.") (citing *Wessmann*, 979 F. Supp. at 917).

My prior advisory role with the Legal Panel is not the type of affiliation that raises the specter of partiality under 28 U.S.C. § 455.  Moreover, there is as much obligation for a judge not to recuse as there is to recuse when appropriate.  *Bryce*, 289 F.3d at 659 (stating that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

For the foregoing reasons, I decline to recuse in this case.

Dated this 3rd day of April, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge